UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

LAKE CHARLES DIVISION

| DENNIS DOUGLAS | : | DOCKET NO. 06-0554 |
|---|---|---|
| VS. | : | JUDGE MINALDI |
| JO ANNE B. BARNHART, COMMISSIONER OF SOCIAL SECURITY | : | MAGISTRATE JUDGE WILSON |

## REPORT AND RECOMMENDATION

Before the court is the Commissioner of Social Security's Motion to Dismiss [doc. # 4].[1] On July 17, 2006, we noted that the motion to dismiss incorporated evidence outside of the pleadings. (July 17, 2006, Order). Thus, the parties were notified that the court would treat the motion to dismiss as a motion for summary judgment. *Id*. Parties were allotted 15 calendar days to submit any additional briefs and/or competent summary judgment evidence. *Id*. The time has since elapsed, and the matter is now before the court.

### Summary Judgment Principles

Summary judgment is proper if the movant demonstrates that "the pleadings, depositions, answers to interrogatories and admissions on file, together with affidavits, if any, show there is no genuine issue as to any material fact, and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56; *Lechuga v. Southern Pacific Transp. Co.*, 949 F.2d 790 (5th Cir. 1992).

---

[1] The matter has been referred to the undersigned magistrate judge for a report and recommendation pursuant to 28 U.S.C. § 636(b)(1)(B).

Background

On May 31, 1994, Dennis L. Douglas filed an application for a period of disability and disability insurance benefits under the Social Security Act. (Declaration of Yvonne K. Speights). He alleged disability since September 12, 1984. *Id.* However, on August 4, 1994, the Commissioner determined that Douglas's condition was not disabling. *Id.* Douglas filed two more unsuccessful applications for benefits (alleging the same disability onset date) in 1996 and 1997. *Id.*

On May 11, 2000, Douglas filed the instant application for benefits again alleging disability since September 12, 1984. (Def. Exh. 3, pgs. 32-34). The application was denied initially and upon reconsideration. (Declaration of Yvonne K. Speights). On August 23, 2001, the Administrative Law Judge ("ALJ") issued a notice of dismissal. *Id.* However, on July 9, 2004, the Appeals Council remanded the case to the ALJ for reconstruction of the claim file. *Id.* Upon remand, the ALJ issued a March 24, 2005, Order of Dismissal finding that plaintiff's application of May 31, 1994, was not subject to reopening. (Def. Exh. 3, pgs. 31-33).[2] Douglas sought review before the Appeals Council. However, the request for review was denied. (Def. Exh. 3, pgs. 27-28). On March 28, 2006, Douglas filed the instant complaint seeking review of the Commissioner's denial of plaintiff's application for benefits, 42 U.S.C. § 405(g). (*See*, Complaint).

---

[2] The ALJ declined to reopen plaintiff's prior application because: the current application was untimely; there were no allegations of fraud or similar fault; and plaintiff failed to present new and material evidence that would warrant reconsideration of the previous determination. *Id.*; 20 C.F.R. §§ 404.987-989.

Analysis

The Social Security regulations specifically provide for judicial review of the Commissioner's final decision made after a hearing. 42 U.S.C. §205(g); *Califano v. Sanders*, 430 U.S. 99, 97 S.Ct. 980 (1977). However, the statute does not provide for judicial review of the Commissioner's denial of a request to reopen a claim. *Califano*, at 985. "Thus, federal court review of the Secretary's denial of a motion to reopen a claim lies only where a constitutional question is at issue." *Califano*, at 985; *Torres v. Shalala*, 48 F.3d 877 (5th Cir. 1995); and *Robertson v. Bowen*, 803 F.2d 808, 810 (5th Cir. 1986).

In his complaint, plaintiff generally alleges that his due process and other constitutional rights were violated. (*See*, Complaint). However in response to the Commissioner's motion, plaintiff has not adduced any evidence or articulated any foundation to support these bare allegations. Accordingly, plaintiff has not raised a colorable constitutional claim, and this court lacks jurisdiction to review the Commissioner's denial to reopen the prior application. *See, Califano, supra*.

For the foregoing reasons,

IT IS RECOMMENDED that the Commissioner's converted motion for summary judgment [doc. # 4] be GRANTED. Fed.R.Civ.P. 56.

Under the provisions of 28 U.S.C. §636(b)(1)(c), the parties have ten (10) business days from receipt of this Report and Recommendation to file any objections with the Clerk of Court. Timely objections will be considered by the district judge prior to a final ruling.

**FAILURE TO FILE WRITTEN OBJECTIONS TO THE PROPOSED FINDINGS AND RECOMMENDATIONS CONTAINED IN THIS REPORT WITHIN TEN (10)**

BUSINESS DAYS FROM THE DATE OF ITS SERVICE SHALL BAR AN AGGRIEVED PARTY FROM ATTACKING ON APPEAL, EXCEPT UPON GROUNDS OF PLAIN ERROR, THE UNOBJECTED-TO PROPOSED FACTUAL FINDINGS AND LEGAL CONCLUSIONS ACCEPTED BY THE DISTRICT COURT.

THUS DONE AND SIGNED in Chambers at Lake Charles, Louisiana, on August 21, 2006.

ALONZO P. WILSON
UNITED STATES MAGISTRATE JUDGE